# United States District Court
## District of South Carolina

| | |
|---|---|
| Ashley Allan Blitch, #3066590; | C/A No. 9:05-2448-SB-GCK |
| Plaintiff; | |
| vs. | **Report and Recommendation** |
| Harrison Bell, Jr.; Harry A. Walker; Dorchester County; and the State of South Carolina; | |
| Defendants. | |

The Plaintiff, Ashley Allan Blitch (hereafter, the "Plaintiff"), has brought this *pro se*

action against the Defendants under Title 42 United States Code §1983.  Pursuant to 28

U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to

review all pretrial matters in such *pro se* cases and submit findings and recommendations to

the District Court.

## FACTUAL BACKGROUND

The following narrative appears in both the initial pleading (filed on August 22, 2005)

and a form complaint (filed on August 31, 2005):

> That on December 14, 2004, Harrison Bell JR a prosecuting attorney for Dorchester county South Carolina altered the sentence Issued by the Honorable Judge James Williams by means of fraud and forgery and that on the same above stated date committed the act of perjury against the plaintiff while reading a false indictment #2004-GS-18-1298. In effect this false indictment was double jeopardy. The plaintiff was originally charged with resisting arrest 9-16-320A [sic] and this charge was upgraded 10 weeks after the fact to resisting arrest/assault on a police officer 9-16-320B [sic]. This upgrade was done with absolutely no substance of justifiable means. The same was also done with out the plaintiff being informed or being arrested for the fraudulent upgraded charge. The plaintiff plead guilty under the impression that he was pleading guilty to the legitimate charge of resisting arrest and then after the fact of the entry of a guilty plea the above state prosecution attorney

1

began to read this fraudulent indictment against the plaintiff. After the Judge signed the sentencing sheet checked as indicted of the fraudulent resisting arrest/assault on a police office [sic][ charge that was frauded [sic] by the prosecutor unknown to the Judge at the time he then scratched out the as indicted box and checked box of lesser included offense to cover his fraud and double jeopardy and make it appear that the plaintiff plead down to the original legitimate charge that the same was original charged with. This was done on the sentencing sheet indictment #2004-GS-18-1298. The same prosecuting attorney was unsuccessful in securing a prison sentence against the plaintiff so after the departure of the Judge he changed the sentence of the Judge by means of fraud and forgery and sent the plaintiff to prison any ways. This was done on sentencing sheet #2004-GS-18-1299.

[1-1, p. 1, and 5-1, p. 4.] Plaintiff seeks compensation for eighteen (18) months imprisonment at the rate of Four Thousand Dollars ($4,000.00) per day, compensation for his term of probation at the rate of One Thousand Dollars ($1,000.00) per day, one thousand four hundred and forty (1,440) hours of lost wages at Fifteen Dollars ($15.00) an hour, a sum of money for mental anguish, pain and suffering, together with expungement of a conviction apparently entered in the Dorchester County Court of General Sessions on December 14, 2004. [5-1, p. 6.] From the foregoing, the inference arises that the Plaintiff's conviction is still valid, since he is presently on a probation status.

### *Pro Se* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the

2

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett

v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal

arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court

"conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d

1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

## FAILURE TO STATE A CLAIM

Given the recent date of his conviction (December 14, 2004) – and the explicit

demand in his Complaint – it is reasonable to conclude that Plaintiff has not yet managed to

have his conviction vacated or expunged. As a matter of law, he cannot bring an action under

42 U.S.C. §1983 until this has occurred. The United States Supreme Court, in Heck v.

Humphrey, 512 U.S. 477 (1994), explained why claims of the type here presented must await

the vacation or expungement of the underlying conviction:

> We hold that, in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other harm whose
> unlawfulness would render a conviction or sentence invalid, . . . a § 1983
> plaintiff must prove that the conviction or sentence has been reversed on
> direct appeal, expunged by executive order, declared invalid by a state
> tribunal authorized to make such a determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A
> claim for damages bearing that relationship to a conviction or sentence that
> has not been so invalidated is not cognizable under § 1983. Thus, when a
> state prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would necessarily imply
> the invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or sentence
> has already been invalidated.

Any constitutional infirmity infecting the Plaintiff's convictions may yet be discovered

by the state courts of South Carolina. If a direct appeal is unsuccessful, the Plaintiff can file

an application for Post-Conviction Relief (PCR) under S.C. Code Annotated § 17-27-10

3

through § 17-27-160. A PCR applicant in South Carolina may appeal a denial of relief by the Court of Common Pleas through a Petition for Writ of Certiorari to the South Carolina Supreme Court. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).

In part for this reason, a federal district court will not interfere in ongoing state court proceedings, absent extraordinary circumstances. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971). In Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.

South Carolina Solicitors are protected from Plaintiff's claims by immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial "motions" hearings, and ancillary civil proceedings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991). Plaintiff's allegations against Defendant Bell are confusing. On the one hand, he seems to describe precisely the actions normally undertaken by prosecutors in negotiating pleas with defendants, including substitution of charges. It is not uncommon for prosecuting attorneys to file superseding indictments charging more serious offenses. If Plaintiff believes that official court records were altered, he has available the state court remedies discussed above to bring such irregularities to light.

Plaintiff cannot maintain an action against Defendant Walker in his capacity as a Court

Reporter. By definition, he performed his duties under direction of the Dorchester County

Court of General Sessions. It is well settled in this Circuit and elsewhere that public officials

are immune from suit when their actions are taken in obedience to a judicial order or under a

court's direction. Belk v. Charlotte-Mecklenburg Bd. of Education, 269 F. 3d 305 (4th Cir.

2001); Rogers v. Bruntrager, 841 F.2d 853 (8th Cir.1988); McCray v. Maryland, 456 F. 2d 1

(4th Cir. 1972) Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir.1969). As noted above, any

irregularities in actual court records or transcript may yet be brought to light by Plaintiff in

state court post-conviction relief proceedings.

Plaintiff has made no factual allegations whatsoever concerning Dorchester County as

a party defendant. The prosecution of criminal offenses in South Carolina is the responsibility

of Circuit Solicitors. Plaintiff fails to make any connection between his prosecution in

Dorchester County and any official or person acting for the County as such.

Finally, the State of South Carolina is immune from suit under the Eleventh

Amendment to the United States Constitution. Most often the issue of Eleventh Amendment

immunity arises when a Congressional statute attempts to broaden federal court's jurisdiction

over the states. Cases which re-affirm this immunity are almost too numerous to cite, but a

sample would include: Kimel v. Florida Board of Regents, 528 U.S. 62 (2000); Alden v.

Maine, 527 U.S. 706 (1999); College Savings Bank v. Florida Prepaid Education Expense

Board, 527 U.S. 627 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996); Will v.

Michigan Department of State Police, 491 U.S. 58 (1989); Blatchford v. Native Village of

Noatak, 501 U.S. 775 (1991); Alabama v. Pugh, 438 U.S. 781 (1978); and ultimately, Hans v.

Louisiana, 134 U.S. 1 (1890)

## LEAVE TO PROCEED *In Forma Pauperis*

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has moved this Court for leave to proceed *in forma pauperis* under 28 U.S.C. §1915. The decision to permit a proceeding under 28 U.S.C. §1915 rests in the sound discretion of the District Court. The Fourth Circuit has held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. Graham v. Riddle, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915). "In the absence of some evident improper motive the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958).

Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). See also Liles v. South Carolina Dept. of Corrections, 414 F.2d 612, 613 (4th Cir 1969); U. S. v. Gregg, 393 F.2d 722, 723 (4th Cir.1968).

Upon its face, Plaintiff's Affidavit appears genuine. There is no improper motive evidenced by the document itself. Under Ellis, however, "good faith" allows only for the presentation of issues that are not plainly frivolous. Review of Plaintiff's Complaint reveals, however, that he has failed to set forth any claims cognizable in this Court. Therefore, it is recommended that Plaintiff's Motion to proceed *in forma pauperis* be denied.

6

## CONCLUSION

It is recommended that this action be **dismissed without prejudice** or, in the

alternative, that the Plaintiff's Motion to Proceed without Prepayment of Fees be **denied**.

George C. Kosko
United States Magistrate Judge

October **19**, 2005
Charleston, South Carolina

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>& The Serious Consequences of a Failure to Do So</u>

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** See <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), <u>cert. denied</u>, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991). See also <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), <u>cert. denied</u>, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**